### HENKE v HENKE

Ohio Appeals, 1st Dist, Hamilton Co

No 5494. Decided Nov 28, 1938

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for appellant.

J. T. Rhyno, Cincinnati, for appellees.

### OPINION

By HAMILTON, J.

The plaintiff below, appellant here, brought her action for divorce against the defendant. She sought a divorce, alimony, and custody of their three daughters aged 9, 11, and 16.

The husband, defendant, cross-petitioned for divorce, but made no request for alimony. Upon a hearing of the case at great length, the trial court granted a decree of divorce to the husband on his cross-petition, gave the custody of the children to the wife for the major part of the time and required the husband to pay to the wife the sum of $100.00 per month, to be reduced one-third upon each child arriving at the age of eighteen. The court futhur decreed that the wife should pay to the husband by way of alimony the lump sum of $2500.00, and made the same a lien on the wife's residence property, notwithstanding the husband had not asked in his cross-petition for such relief.

The appellant asks a reversal of the decree granting the divorce to the husband and the alimony award, as manifestly against the weight of the evidence.

This court is of the opinion that upon the evidence submitted, the trial court could find the defendant entitled to the decree of divorce on his cross-petition, and his finding was not manifestly against the weight of the evidence on that point.

However, the serious question in the judgment is the award of $2500.00 in money to the husband, not asked for in his cross-petition.

While §§11992 and 11993, GC, authorize the award of alimony to the husband in a proper case, under his cross-petition he was not entitled to such award. In his pleadings, he did ask that he be declared to be a part owner of the residence, in which they had lived all their married lives, because of the fact that he had paid for some repairs and furnishings. The court did not find for him on that issue. There remains grave doubt as to the power of the court under the circumstances and the pleadings to make the award of $2500.00 in money, unless it be upon the claim of part ownership in the realty. This was not indicated in the decree to have been the grounds of the award.

Passing the question of the power of the court to make the award, was substantial justice done?

The residence was the wife's, having come to her from her people. The husband had paid for some repairs and furnishings, which was small return for living in the home most of their married lives, and which furnished a home for the three daughters. The home and a few stocks, of doubtful value, was all the property that the wife possessed. The husband owned an apartment building and some personal property. He was able to, and did earn a large salary, varying from $4,000.00 to $9,000.00 per year. A mortgage on his apartment was being discharged by the rentals therefrom.

Under these circumstances, the court ordered the husband to pay the sum of $100 per month for the support of three girls, aged 9, 11, and 16 years. This by mathematical calculation is $33 1-3 per month for each girl. And this $33 1-3 payment is to stop as each daughter reaches the age of 18. This, in the opinion of this court is a small allowance. One girl is in high school and near college age, and one is approaching high school, and it is a matter of common knowledge that this period in a girl's life entails considerable expense if she is maintained in a reasonable position in social and college life. The burden is on the wife to furnish the home for the girls, which she may do by using her home if she is not compelled to sacrifice it to pay the alimony to the husband. It would appear that the court made a decree requiring the husband to pay alimony for the support of the children, and then decrees that the wife pay the husband a lump sum in cash, which would be almost sufficient to pay the alimony for the support of the children. A rather incongruous cituation was created for the parties and an apparent injustice done to the wife.

Our conclusion is that substantial justice was not done in the judgment awarding $2500.00 in money to the husband, and that, therefore, the judgment should be modified by eliminating therefrom any alimony award to the husband, and the judgment, as so modified, will be affirmed.

ROSS, PJ, and MATTHEWS, J, concur.